MICHAEL P. DACQUISTO
Chapter 7 Trustee
PO Box 992631
Redding, California 96099-2631

Telephone: (530) 244-6267
Fax: (530) 244-0907

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | NO. 09-36559-C-7 |
| PATRICK STEVEN DOW, NICOL MARIE DOW | DCN: MPD-1 |
| Debtors / | Date: March 9, 2009<br>Time: 9:30 a.m.<br>Place: Courtroom 35, Dept C<br>501 I Street, 6th Floor<br>Sacramento, CA 95814 |

MOTION FOR AUTHORIZATION (1) TO SELL THE DEBTORS' INTEREST IN REAL PROPERTY DESCRIBED AS BARE LAND WITH OUT BUILDINGS LOCATED AT 171 RUIZ ROAD, BERRY CREEK, CALIFORNIA, BUTTE COUNTY APN 061-550-009 FREE AND CLEAR OF LIENS AND (2) TO PAY COSTS OF SALE AND LIENS OF RECORD

Michael P. Dacquisto (hereafter "Dacquisto") the chapter 7 trustee in this case submits the following for the court's consideration in connection with his motion for authorization (1) to sell the debtors' interest in real property described as bare land with out buildings located at 171 Ruiz Road, Berry Creek, California, Butte County APN 061-550-009 free and clear of liens for $51,500.00 and (2) to pay costs of sale and liens of record.

**I. STATEMENT OF FACTS**

These proceedings were instituted when the debtors Patrick Steven Dow and Nicol

Marie Dow filed their petition under the United States Bankruptcy Code on August, 5, 2009. Dacquisto was appointed the Chapter 7 trustee.

At the time the bankruptcy was filed the debtors had accepted an offer from Steamboat Ranch Capitol Investments, LLC (hereafter "Buyer") to purchase their interest in real property described as bare land with out buildings located at 171 Ruiz Road, Berry Creek, California, Butte County APN 061-550-009 for $51,500.00. Because of the bankruptcy filing the sale could not close without court approval. A creditor, Kevin Larson, (hereafter "Larson") had recorded an abstract of judgment against the real property on June 18, 2009 which would have taken all of the net sales proceeds.

After filing their petition the debtors, Dacquisto and Larson reached an agreement. Larson would allow the sale and withdraw its abstract of judgment, Dacquisto would obtain court approval for the sale and the debtors would amend their schedules to allow the bankruptcy estate to receive $15,000.00 from the net sales proceeds and would only claim their exemption in the net sales funds remaining after deductions as set forth below.

On this basis Dacquisto has agreed to proceed to obtain court approval of the offer from Buyer, subject to potential overbid. Dacquisto understands the Buyer is not related to the debtors in the instant bankruptcy estate. From the sales price of $51,500.00 deductions of (1) approximately $750.00 for closing costs and other miscellaneous fees, (2) approximately $33,800.00 for a note in favor of Joel and Maria Setzer secured by a deed of trust recorded against the property, (3) approximately $3,000.00 for unpaid property taxes, (4) $15,000.00 to the bankruptcy estate, and the remaining money, approximately $1,950.00 to the debtors for their exemption.

Dacquisto believes this price is at or near the present maximum obtainable sale price for the real property. Failure to sell at this price and time may result in detriment to the estate, rather than gain. Delay may result in diminution in value of the property and potentially increased holding costs.

Under the real estate sales contract there is no commission being paid to any real estate broker. The sales contract also requires payment of certain customary costs of sale

and payment of liens of record. Dacquisto requests authorization for payment of those items from the sales proceeds.

## II. MEMORANDUM OF POINTS AND AUTHORITIES

### A. THIS COURT HAS AUTHORITY TO AUTHORIZE THE SALE OF ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS UNDER 11 U.S.C.§363(b)(1).

Title 11 U.S.C. §363(b)(1) provides:

> "The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." (11 U.S.C. §363(b)(1))

This court's power to authorize the proposed sale under 11 U.S.C. § 363(b) is to be exercised in its discretion. *In re Lionel Corp.* 722 F.2d 1063, 1069 (2d Cir. 1983); *In re Coastal Cable T.V., Inc.* 24 B.R. 609, 611 (Bankr. 1st Cir. 1982), rev. on other grounds, 709 F.2d 762 (1st Cir. 1983); *In re Baldwin United Corp.* 43 B.R. 888, 905 (Bankr. S.D. (Ohio 1984); *In re Ancor Exploration Co.* 30 B.R. 803, 808 (Bankr. N.D. Okla. 1983).

In Lionel, *supra*, a standard was established against which to measure the court's judicial exercise of its discretionary powers to approve a sale of assets outside the ordinary course of business under 11 U.S.C. §363(b). The *Lionel* court held that for the court to exercise proper discretion, a good business reason must be shown. Further, the court stated the discretionary power was available to further the interests of the debtor, its creditors, and its equity security holders. *Id.* at 1071.

The *Lionel* decision was adopted by the Ninth Circuit Bankruptcy Appellate Panel in *Walter v. Sunwest Bank* (*In re Walter*), 83 B.R. 14 (Bankr. 9th Cir. 1988), which approved language that the trustee must demonstrate a good business reason for selling the property.

In this case Dacquisto has sound business reasons for selling the property. He will be able to liquidate an asset and create a fund out of which creditors will be paid. The price being paid for the property is fair and reasonable. Selling now prevents further delay, possible decrease in property value and potential additional costs associated with continued holding of the property. Under these circumstances this court's approval of the proposed

sale would be a sound exercise of its discretion.

**B. THIS COURT HAS AUTHORITY TO AUTHORIZE THE SALE BE MADE FREE AND CLEAR OF LIENS UNDER 11 U.S.C.§363(f).**

Title 11 U.S.C. §363(f) allows a sale free and clear of liens only if (1) permitted by non bankruptcy law, (2) the lien holders consent to such sale, (3) the proposed purchase price exceeds the total value of the liens against the property, (4) a good faith dispute concerning the validity of the liens exists, or (5) in a judicial proceeding the lien holders are compelled to accept a money satisfaction of their interest.

Here the proposed sale satisfies the third condition with respect to the real property tax liens of Butte County and with respect to the note secured by a deed of trust in favor of Joel and Maria Setzer because the purchase price exceeds the total value of those liens. With respect to the lien created by the abstract of judgment recorded by Kevin Larson, because he consents to the sale the second condition of the statute is satisfied. If he did not consent, the fourth condition of the statute would apply because the abstract of judgment was recorded less than 90 days before the bankruptcy petition was filed making it subject to avoidance by Dacquisto and therefore a good faith dispute concerning its validity would exist. For these reasons the sale should be made free and clear of liens.

### III. CONCLUSION

For all the reasons set forth above Dacquisto respectfully requests the following relief from this court.

1. An order authorizing him to sell the property under the terms and conditions set forth above and in the real estate sales contract;

2. An order authorizing him to sign all documents necessary or convenient to complete the sale;

3. An order authorizing payment of costs, liens and other items all as set forth above, from the sales proceeds, including a provision that the debtors' exemption payment not be made until the sale has closed and they have vacated the property;

4. That no further motion or order from this court be required to complete the

sale; and,

5. For any further relief the court deems appropriate.

Date: January 28, 2010

                                              /s/ Michael P. Dacquisto
                                              MICHAEL P. DACQUISTO
                                              Chapter 7 Trustee